Morton B. Silberman, J.
This is an action to recover damages for wrongful death and conscious pain and suffering. Plaintiffs move for summary judgment with respect to the first, second, third and sixth causes of action set forth jn the complaint, and for an assessment of damages (CPLR 3212). Defendant cross-moves for an order dismissing plaintiffs’ said third cause of action as legally insufficient (CPLR 3211, subd. [a], par. 7).
The decedent herein died on May 13, 1967 as a result of a shotgun wound inflicted upon him by defendant. As a result of that incident, defendant was convicted of the crime of manslaughter in the first degree, upon a jury verdict. The eonvic *50 tion has been affirmed by the Appellate Division and the Court of Appeals (People v. Shaff, 37 A D 2d 696, affd. 30 N Y 2d 621). The statement of facts preceding the memorandum of the Court of Appeals indicates that upon the trial defendant 1 ‘ interposed a defense of excusable homicide, alleging that the shooting was accidental.” (People v. Shaff, 30 N Y 2d 621, 622, supra.)[1]
The complaint herein contains six causes of action. The first and second causes of action are to recover damages for wrongful death and conscious pain and suffering. Said causes of action proceed upon allegations that ‘ ‘ defendant did knowingly, wantonly, willfully and maliciously fatally assault plaintiff’s intestate * * * by pointing a loaded firearm at him, and discharging the same at him and hitting him wdth the said discharge ’ ’ and that[1] ‘ said knowing, willful, wanton and malicious assault occurred without just cause or provocation.”
Plaintiffs’ fourth and fifth causes of action also seek recovery for wrongful death and conscious pain and suffering. However, those causes of action proceed upon the alternative theory that “ if the said assault was not willful, wanton, reckless and malicious, it was negligent, reckless and careless and without care for the person of the deceased plaintiff ”.
In the third cause of action plaintiffs seek to recover punitive damages. The sixth cause of action is to recover “ the cost of caring for the final injury to the deceased and funeral expenses resulting therefrom.”
Plaintiffs ’ third cause of action for punitive damages is legally insufficient, and must be dismissed as requested in defendant’s cross motion. Recovery in wrongful death actions is limited by statute to “ fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought.” (Emphasis added.) (EPTL 5-4.3, formerly Decedent Estate Law, § 132.) In all other actions to recover damages for injury to person or property brought on behalf of a decedent, ‘ ‘ punitive damages shall not be awarded nor penalties adjudged” (EPTL 11-3.2, subd. [b], formerly Decedent Estate Law, § 119). Accordingly, it is clear that plaintiffs may not recover punitive damages herein.
The court now turns to the remaining causes of action involved in plaintiffs’ motion for summary judgment (i.e., the first, second and sixth causes of action). It is plaintiffs’ contention *51 that, under principles of collateral estoppel, defendant’s conviction of manslaughter in the first degree conclusively establishes the facts necessary to sustain defendant’s civil liability for the decedent’s death and alleged conscious pain and suffering.
Defendant contends that summary judgment must be denied, because his conviction does not establish that he 11 intentionally ” caused decedent’s death, as alleged in the first, second and sixth causes of action.
In essence, manslaughter in the first degree requires the performance of an intentional act, which produces an unintended consequence, i.e., the death of another person (former Penal Law, § 1049; § 1050, subd. 2). The causative act is intentionally committed, but the resulting death is unintended. Where the causative act is committed through “ culpable negligence,” and not intentionally, a conviction for manslaughter in the first degree cannot be sustained (see former Penal Law, § 1052, subd. 3).
Based upon the applicable provisions of the former Penal Law, in effect at the time of decedent’s death, defendant’s conviction for manslaughter in the first degree conclusively established for purposes of this action: (a) that the decedent was struck by the discharge from a shotgun intentionally fired by defendant; (b) that the decedent died as a result of the injuries he thereby sustained; and (c) that defendant’s act was neither accidental, excusable nor justifiable. The foregoing is sufficient to establish defendant’s liability, as a matter of law, with respect to plaintiffs ’ first, second and sixth causes of action.
Accordingly, defendant’s cross motion to dismiss plaintiffs’ third cause of action is granted Plaintiffs’ motion for summary judgment is granted with respect to the first, second and sixth causes of action, and is otherwise denied. Plaintiffs ’ said first, second and sixth causes of action shall be placed on the appropriate calendar for an assessment of damages upon the clerk being served with a copy of the order to be made hereon with notice of entry.

. Coincidentally, the undersigned, then a Judge of the County Court, Rock-land County, presided upon defendant’s trial. However, any statements of fact contained herein are based solely upon the papers submitted on the motion, and not upon the undersigned’s recollection of the events.