# SECOND DEPARTMENT, JULY, 1981

## (July 6, 1981)

■ GEORGE K. CHONG, as Administrator of the Estate of AH CHONG, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. — Appeal by defendant New York City Transit Authority, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated April 16, 1980, as denied its motion to dismiss the second cause of action of the complaint, pursuant to CPLR 3211 (subd [a], par 7), for failure to state a cause of action. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion to dismiss plaintiff's second cause of action is granted with leave to the plaintiff to replead. Plaintiff, if he be so advised, may serve an amended complaint within 30 days after service upon him of a copy of the order to be made hereon, with notice of entry. In substance, the plaintiff's first cause of action alleges that while a fare-paying passenger upon a railroad operated by defendant New York City Transit Authority, plaintiff's decedent became sick and in need of immediate medical care. Although the need for aid was communicated to the

servants of the Transit Authority, they neglected or refused to provide such assistance and as a result he underwent severe pain and suffering and eventually died. The second cause of action is pleaded in two paragraphs, the first of which reasserts the allegations of the first cause of action and the second of which states: "SIXTEENTH: That by reason of the foregoing, decedent's next of kin, consisting of his wife and children, here represented by plaintiff, were deprived of his services, society, support, aid and comfort and of guidance, assistance, affection and have otherwise been damaged, all to their damage in the sum of $1,000,000.00." The "Wherefore" clause of plaintiff's complaint demanded $1,000,000 damages on the first cause of action and a like sum on the second "together with punitive damages for the [Transit Authority's] wanton, reckless and grossly negligent disregard of human life". The Transit Authority moved to dismiss the second cause of action upon the ground that the damages demanded therein could not be recovered in a wrongful death action. Special Term denied such relief holding by implication that the first cause of action sought recovery of damages for conscious pain and suffering and, expressly, that the second was to recover for wrongful death. The elements of a cause of action to recover damages for wrongful death are (1) the death of a human being, (2) the wrongful act, neglect or default of the defendant by which the decedent's death was caused, (3) the survival of distributees who suffered pecuniary loss by reason of the death of decedent, and (4) the appointment of a personal representative of the decedent (see 21 Carmody-Wait 2d, NY Prac, § 130:21). Although the plaintiff's second cause of action alleges that decedent had "next of kin", consisting of his wife and children, we can and do read that term as meaning distributees (EPTL 2-1.1). The pleading does not specifically allege that they survived decedent and it does not allege that they suffered "pecuniary injuries" by reason of his death within the meaning of that term as set forth in EPTL 5-4.3, except insofar as it claims they were deprived of his support and were "otherwise * * * damaged". All the other claimed items of damage are either elements of the generic loss of consortium damages which are not recoverable in a wrongful death action *(Liff v Schildkrout,* 49 NY2d 622, 633) or are exemplary in nature and are similarly unrecoverable in such an action *(Kollin v Shaff,* 79 Misc 2d 49). Although the caption of the action denominates plaintiff as the administrator of the estate of the decedent, no allegation as to his appointment as personal representative is contained in the complaint and for that reason as well, plaintiff's second cause of action is defective (see *Dowly v State of New York,* 190 Misc 16, 18; *Hammond v Incorporated Vil. of Southampton,* 77 NYS2d 156). It appears that plaintiff may well have a cause of action for wrongful death although by reason of inartful pleading he has failed to state one. Plaintiff did not request leave to replead if the defendant Transit Authority's motion to dismiss his second cause of action under CPLR 3211 (subd [a], par 7) was granted (see CPLR 3211, subd [e]). However, on appeal the Transit Authority has merely requested that that cause of action be dismissed "without prejudice to the service of a new complaint containing a properly pleaded wrongful death action." Accordingly, leave to replead is granted. Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.