■ Dorothy James et al., Respondents, v Middletown Community Health Center, Inc., et al., Appellants. [718 NYS2d 358] —In an action, *inter alia*, to recover damages for wrongful

death, the defendant Lynne DiCostanzo appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 17, 1999, as denied her motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against her, and the defendant Middletown Community Health Center separately appeals, as limited by its brief, from so much of the same order as denied its separate motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed with leave to the plaintiffs to replead the cause of action alleging wrongful death.

The defendants contend, *inter alia*, that to the extent that the plaintiffs' complaint seeks to recover damages for the wrongful death of their twins born prematurely, it should be dismissed because it fails to plead the essential elements of such a cause of action. We agree.

Although a cause of action alleging wrongful death may be maintained on behalf of an infant who is born alive but dies shortly after birth (*see, Endresz v Friedberg,* 24 NY2d 478, 486), the elements of a wrongful death claim include the survival of distributees who suffered pecuniary loss by reason of the decedent's death, and the appointment of a personal representative of the decedent (*see, Meroni v Holy Spirit Assn. for Unification of World Christianity,* 119 AD2d 200; *Chong v New York City Tr. Auth.,* 83 AD2d 546). Since the plaintiffs' complaint does not allege that a personal representative of the decedents has been appointed or that the plaintiffs suffered pecuniary injuries, it does not state a cause of action to recover damages for wrongful death (*see, Meroni v Holy Spirit Assn. for Unification of World Christianity, supra*; *Chong v New York City Tr. Auth., supra*). We note that, contrary to the defendants' contention, there is an issue of fact as to whether the twins were stillborn, as the defendants claim, or born alive as defined by Public Health Law § 4130 (1). In view of the fact that the plaintiffs may have a potentially viable cause of action to recover damages for wrongful death, we grant leave to replead (*see, Chong v New York City Tr. Auth., supra*).

We also conclude that the Supreme Court should have granted those branches of the defendants' motions which were to dismiss the plaintiff mother's medical malpractice cause of action seeking damages for the psychic and emotional harm she suffered as a result, *inter alia*, of the premature birth of her infants. In the absence of an allegation that the plaintiff

mother suffered any physical injury separate and apart from that which occurs in any normal childbirth, she may not recover such damages (*see, Tebbutt v Virostek,* 65 NY2d 931; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Scott v Capital Area Community Health Plan,* 191 AD2d 772; *Burgess v Miller,* 124 AD2d 692). The plaintiff father's derivative claim for loss of consortium, which is predicated upon the emotional injury to the mother, must also be dismissed. S. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.