■ TAMMY GOINS, Personally and as Parent and Legal Guardian of DESIREE GOINS, Appellant, v ROME CITY SCHOOL DISTRICT et al., Respondents. [811 NYS2d 520]—

Appeal from an order of the Supreme Court, Oneida County (John W. Grow, J.), entered March 22, 2005. The order granted defendants' motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and as parent and legal guardian of her daughter, alleging, inter alia, that defendants were negligent and violated her right to privacy by instructing her daughter to participate in a "trucker buddy" program that was part of a school geography project. Pursuant to that program, a trucker received the name of plaintiff's daughter in order to correspond with her, and he also allegedly received a group photograph of the daughter's class. Supreme Court properly granted defendants' motion to dismiss the complaint pursuant to CPLR 3211. Contrary to the contention of plaintiff, the complaint was properly dismissed to the extent that she seeks to recover damages for the violation of her right to privacy under the Family Educational Rights and Privacy Act of 1974 ([FERPA] 20 USC § 1232g), inasmuch as

"the relevant provisions of FERPA create no personal rights to enforce" in a civil rights action (*Gonzaga Univ. v Doe*, 536 US 273, 276 [2002]). The complaint also was properly dismissed to the extent that plaintiff seeks to recover damages for her extreme emotional distress, inasmuch as plaintiff concedes that she was not within the zone of danger of the harm that allegedly threatened her daughter (*see generally Johnson v Jamaica Hosp.*, 62 NY2d 523, 526 [1984]; *Bovsun v Sanperi*, 61 NY2d 219, 228-231 [1984]). In addition, the complaint was properly dismissed to the extent that plaintiff seeks to recover damages for violation of her rights to substantive and procedural due process. In a case involving actual harm to a child, which did not occur here, the United States Supreme Court wrote that, "[a]s a general matter, . . . we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause" (*DeShaney v Winnebago County Dept. of Social Servs.*, 489 US 189, 197 [1989]). None of the exceptions to that general rule applies to this case (*see generally Mark G. v Sabol*, 93 NY2d 710, 723-726 [1999]).

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.