■ DEBRA GANDLER, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [869 NYS2d 76]—

Plaintiff alleges that the municipal defendants assumed and breached an affirmative duty to protect consumers like herself from building contractors' deceptive practices, pursuant to statutes governing the home improvement business (Administrative Code of City of NY § 20-385 *et seq.*). The Department of Buildings (DOB) issued a work permit to plaintiff's agent (defendant Hector Valentin), who was unlicensed to perform home improvement renovations; on his application for the work

permit, Valentin entered a fraudulent license number. Plaintiff alleges negligence, aiding deceptive business practices, and misrepresentation, and claims to have suffered damages because of Valentin's unprofessional renovation work at her residence. The municipal defendants moved for summary dismissal, arguing that plaintiff failed to raise an issue of fact as to whether a special relationship existed between herself and the City in connection with its issuance of the permit to Valentin.

The City's implementation of procedures for issuing permits does not constitute an assumption of an affirmative duty to protect homeowners like plaintiff from unscrupulous home improvement contractors. Moreover, there was no evidence of "direct contact" between the DOB's agents and plaintiff. In any event, plaintiff has not shown that using an agent to act on her behalf satisfies the "direct contact" requirement that is an element of a special relationship that would give rise to liability (*see Cuffy v City of New York*, 69 NY2d 255, 261-262 [1987]). Additionally, there was no showing of justifiable reliance, since there is no evidence that plaintiff knew about the Administrative Code's licensing requirements, or that she relied upon the DOB's authority to enforce the relevant consumer protection laws.

Finally, the statutes at issue do not expressly authorize a private right of action, and such right cannot be implied from their language. The intent of the legislative scheme governing the home improvement business was to regulate contractors and enable homeowners to hold them accountable for their misconduct. The scheme was not intended to afford homeowners a right of action against the City for improperly enforcing the relevant statutes (*see generally Pelaez v Seide*, 2 NY3d 186 [2004]; *Garrett v Town of Greece*, 78 AD2d 773 [1980], *affd* 55 NY2d 774 [1981]).

Motion seeking leave to strike reply brief granted. Concur— Andrias, J.P., Nardelli, Sweeny, DeGrasse and Freedman, JJ. [*See* 2007 NY Slip Op 32708(U).]