OPINION OF THE COURT
Per Curiam.
Order, dated November 13, 2009, reversed, without costs, motion denied, complaint reinstated and matter remanded for further proceedings.
On defendant’s motion addressed to the adequacy of plaintiffs’ pleadings (see CPLR 3211 [a] [7]), we must afford the pleadings a liberal construction, accept the allegations as true, provide plaintiffs the benefit of every favorable inference, and ascertain whether the pleadings, as augmented by plaintiffs’ submission in opposition to the motion, manifest any cause of action cognizable at law (see Nonnon v City of New York, 9 NY3d 825 [2007]).
Here, plaintiffs’ complaint and plaintiff Benjamin Cunningham’s affidavit* in opposition to defendant’s motion to dismiss allege that plaintiffs were struck by a vehicle driven by an unidentified woman while they were walking through a parking lot; they summoned the police to the scene; the police failed, among other things, to prepare and file an accident report memorializing the accident or provide plaintiffs with the unidentified driver’s name; they were unable to identify the driver or file a proper claim with the Motor Vehicle Accident Indemnification Corporation due to the police officers’ nonfeasance; and they suffered damages as a result thereof.
These allegations were sufficient to withstand defendant’s motion to dismiss, since they manifest a cause of action for *86 negligence premised, upon the police officers’ failure to perform nondiscretionary statutory duties enacted for the benefit of a class of persons of which plaintiffs are members, i.e., automobile accident victims (see generally McLean v City of New York, 12 NY3d 194, 199 [2009]). The allegations were sufficient to show that a “special relationship” may have been formed between plaintiffs and the police officers as a result of the officers’ alleged breach of certain statutory duties (see Vehicle and Traffic Law § 600 [1] [b]; [2] [b]; § 603 [1]). Notably, as mentioned above, plaintiffs are members of the class for whose benefit Vehicle and Traffic Law § 600 (1) (b) and (2) (b) and § 603 (1) were enacted; recognition of a private right of action would promote the apparent legislative purpose of those statutes, i.e., to encourage police officers to aid those involved in motor vehicle accidents in promptly resolving personal injury and property damage claims stemming from such accidents (see generally People v Quackenbush, 88 NY2d 534, 539-540 [1996]); and recognition of a private right of action would be consistent with the legislative scheme (see generally McLean, 12 NY3d at 200). With regard to the last noted consideration, we note that the Legislature did not provide any mechanism in the statutes to enforce police officers’ obligation to perform the nondiscretionary duties, e.g., no civil or criminal penalties for an officer’s failure to perform the statutorily-required tasks (cf id. at 200-201). Rather, the Legislature simply required police officers to perform certain nondiscretionary duties, and left the mechanism of enforcement to the courts (cf. id. at 201; Mark G. v Sabol, 93 NY2d 710, 720 [1999]; Sheehy v Big Flats Community Day, 73 NY2d 629, 634-636 [1989]).
In light of our disposition of this appeal, we need not and do not address plaintiffs’ remaining contentions.
McKeon, EJ., Shulman and Hunter, Jr., JJ., concur.

 The affidavit was unsworn, but defendant did not, so far as shown, bring the infirmity to Civil Court’s attention and does not now argue in its appellate brief that we are barred from considering it.