■ JAQUELINE A. BOUET, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [5 NYS3d 18]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered April 16, 2013, which granted defendants' motion for summary judgment dismissing the complaint and any cross claims against them, unanimously affirmed, without costs.

Plaintiff alleges that on October 18, 2009, at approximately 1:30 a.m., she was struck by a privately owned motor vehicle, while attempting to cross Bowery Street at its intersection with Bond Street in Manhattan. Defendant Police Officer Timothy Harrington and two other unknown defendant officers were employed by defendant City of New York when they

responded to the accident, and in their reporting of the incident, failed to record the identity of the owner and/or operator of the vehicle that struck plaintiff.

Defendants are entitled to summary judgment, because the investigation of the accident at issue here is a governmental function, and therefore, the City of New York is not liable for failing to properly investigate the incident unless there existed a special duty to plaintiff, in contrast to a general duty owed to the public.

Contrary to plaintiff's contention, she may not establish a special relationship through defendants' violation of a statutory duty, because none of the sections of the Vehicle and Traffic Law cited by plaintiff authorize a private right of action nor were they otherwise enacted for the benefit of a particular class of persons as opposed to the public at large (*see Applewhite v Accuhealth, Inc.*, 21 NY3d 420 [2013]; *McLean v City of New York*, 12 NY3d 194, 200 [2009]). Although section 600 of the Vehicle and Traffic Law imposes criminal liability for willful violations of its provisions upon the operator of a vehicle involved in an accident that fails to identify himself, there is no statutory provision for governmental tort liability (*see Metz v State of New York*, 20 NY3d 175, 179-181 [2012]).

Since the complaint only alleges violations of sections 603, 603-b and 604 of the Vehicle and Traffic Law, which merely require the Police Department to report the accident to the Commissioner of Motor Vehicles, the plain language of these statutes indicates that the Legislature never intended to create a private benefit for a particular class of persons with a concomitant right of action against the Police Department for negligently failing to record or preserve information required by another public agency (*see Ortega v City of New York*, 9 NY3d 69, 82-83 [2007]; *Albino v New York City Hous. Auth.*, 78 AD3d 485, 488-489 [1st Dept 2010]). Thus, absent some special relationship creating a duty to exercise care for the benefit of plaintiff, liability may not be imposed upon the City for its employees' failure to record the identity of the vehicle that struck her or its operator as required by the Vehicle and Traffic Law (*see Worth Distribs. v Latham*, 59 NY2d 231, 237 [1983]; *Gandler v City of New York*, 57 AD3d 324, 324-325 [1st Dept 2008]).*

In addition, the complaint also fails to set forth a claim against the City of New York under 42 USC § 1983, because it

---

* We find *Cunningham v City of New York* (28 Misc 3d 84 [App Term, 1st Dept 2010]) unpersuasive and decline to follow it.

does not allege that the municipality had a custom or an official policy that caused the claimed violation to plaintiff's constitutional rights or that the City's purported failure to train or supervise its employees was tantamount to an official policy or custom under this statute (*see Crawford v New York County Dist. Attorney*, 99 AD3d 600, 601-602 [1st Dept 2012]; *315-321 Realty Co. Assoc., LLC v City of New York*, 33 AD3d 509, 509-510 [1st Dept 2006]). The single incident of objectionable conduct committed by the City as alleged by plaintiff is insufficient to establish the existence of policy or custom for section 1983 purposes (*see Dillon v Perales*, 181 AD2d 619 [1st Dept 1992], *appeal dismissed* 80 NY2d 892 [1992]). Moreover, plaintiff does not have a protected property interest regarding the investigation into her motor vehicle accident under the Due Process Clause (*see Harrington v County of Suffolk*, 607 F3d 31, 32-36 [2d Cir 2010]).

Finally, since it is undisputed that the officers were acting within the scope of their employment when they failed to record the information regarding the vehicle that struck her and its operator, the claim of negligent hiring, training and supervision must fail (*see Leftenant v City of New York*, 70 AD3d 596, 597 [1st Dept 2010]). Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ. [**Prior Case History: 2013 NY Slip Op 30774(U).**]