■ ADELINE AMBROISE, as Administratrix of the Estate of LUCKNER AUGUSTIN, Deceased, et al., Respondents, v UNITED PARCEL SERVICE OF AMERICA, INC., Also Known as UPS, et al., Appellants, et al., Defendants. [40 NYS3d 444]—

In an action to recover damages for personal injuries and wrongful death, etc., the defendants United Parcel Service of America, Inc., also known as UPS, and Louis R. Nunziata appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered November 18, 2013, which denied their motion pursuant to CPLR 3211 (a) to dismiss portions of the first cause of action insofar as asserted against the defendant United Parcel Service of America, Inc., also known as UPS, and to dismiss the second, third, fourth, fifth, and sixth causes of action insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants United Parcel Service of America, Inc., also known as UPS, and Louis R. Nunziata which was to dismiss so much of the first cause of action as sought to recover damages against the defendant United Parcel Service of America, Inc., also known as UPS, for negligent hiring, training, and supervision, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying those branches of the motion of the defendants United Parcel Service of America, Inc., also known as UPS, and Louis R. Nunziata which were to dismiss the second, third, fourth, fifth, and sixth causes of action insofar as asserted against them, and substituting therefor a provision granting those branches of the motion, with leave to the plaintiffs Adeline Ambroise and Harold Chuntz, in their capacity as administrators of the estate of Luckner Augustin, to replead a cause of action to recover damages for wrongful death on behalf of all distributees; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

On the morning of April 9, 2011, the decedent, Luckner Augustin, was driving on the New York State Thruway in Orange County when he pulled over to assist the driver of a

box truck that had broken down and stopped on the shoulder of the highway. The decedent exited his vehicle, and was attempting to jump start the box truck when a tractor-trailer driven by the defendant Louis R. Nunziata, and owned by his employer, the defendant United Parcel Service of America, Inc., also known as UPS (hereinafter UPS; hereinafter together the defendants), struck the decedent's vehicle. The force of the impact allegedly caused the decedent's vehicle to hit the decedent, and propel him over the guardrail, causing his death.

Following the accident, the decedent's widow, Adeline Ambroise, and Harold Chuntz, as the administrators of the decedent's estate, commenced this action against several parties, including the defendants, seeking to recover damages, inter alia, for the decedent's injuries and death. In the first cause of action, Ambroise, in her capacity as an administrator of the decedent's estate, sought to hold UPS liable for the decedent's personal injuries on theories, inter alia, of negligent hiring, training, and supervision. Although the second cause of action was denominated as having been asserted by Ambroise as administrator of the decedent's estate, she demanded damages on that cause of action individually. The decedent's four children were also named as plaintiffs in the action, and asserted individual causes of action to recover damages, inter alia, for wrongful death.

The defendants thereafter moved pursuant to CPLR 3211 (a) to dismiss portions of the first cause of action insofar as asserted against UPS, and to dismiss the second, third, fourth, fifth, and sixth causes of action of the complaint insofar as asserted against them. In support of the motion, the defendants expressly conceded that Nunziata was acting within the scope of his employment with UPS when the accident occurred, and argued that in light of this concession, the plaintiffs could not maintain direct negligence claims against UPS to recover damages on theories, inter alia, of negligent hiring, training, and supervision. The Supreme Court denied the defendants' motion in its entirety solely upon the ground that the caption appearing on the defendants' moving papers was incorrect, despite the fact that the plaintiffs had not opposed the motion on this ground.

The Supreme Court erred in denying the defendants' motion solely upon a procedural ground that the parties did not raise or litigate (see *Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 54-55 [2014]; *see also Hartman v Milbel Enters., Inc.*, 130 AD3d 978, 980 [2015]; *Midfirst Bank v Agho*, 121 AD3d 343, 352 [2014]). Although there was a slight

variation between the caption appearing on the defendants' moving papers and the summons and complaint filed by the plaintiffs, this defect in form should have been disregarded since it did not prejudice the substantial rights of any party, and the plaintiffs failed to raise a timely objection to it (*see* CPLR 2001, 2101 [f]; *Matter of Levine*, 82 AD3d 524 [2011]; *First Wis. Trust Co. v Hakimian*, 237 AD2d 249, 250 [1997]). Accordingly, the Supreme Court should have determined the motion on the merits (*see Hartman v Milbel Enters., Inc.*, 130 AD3d at 980; *Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d at 55). In the interest of judicial economy, we deem it appropriate to address the motion on the merits, rather than remit the matter of the Supreme Court, Queens County, to do so (*see Hartman v Milbel Enters., Inc.*, 130 AD3d at 980).

Turning to the merits, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the first cause of action as sought to recover damages against UPS on theories of negligent hiring, training, and supervision. Generally, where an employee is acting within the scope of his or her employment, the employer is liable under the theory of respondeat superior, and the plaintiff may not proceed with a claim to recover damages for negligent hiring, retention, supervision, or training (*see Bouet v City of New York*, 125 AD3d 539, 541 [2015]; *Saretto v Panos*, 120 AD3d 786, 788 [2014]; *Quiroz v Zottola*, 96 AD3d 1035, 1037 [2012]; *Neiger v City of New York*, 72 AD3d 663, 664 [2010]). Since the defendants conceded that Nunziata was acting within the scope of his employment when the accident occurred, so much of the plaintiffs' first cause of action as sought damages for negligent hiring, training, and supervision must be dismissed (*see Bouet v City of New York*, 125 AD3d at 541; *Holland v City of Poughkeepsie*, 90 AD3d 841, 849 [2011]; *Leftenant v City of New York*, 70 AD3d 596, 597 [2010]; *Ashley v City of New York*, 7 AD3d 742, 743 [2004]).

The second cause of action must also be dismissed pursuant to CPLR 3211 (a) (3) and (7). Although the complaint alleges that Ambroise is one of the administrators of the decedent's estate, the second cause of action appears, in actuality, to be asserted by her individually rather than in her capacity as an administrator of the decedent's estate. To the extent that the second cause of action seeks damages recoverable in a wrongful death action (EPTL 5-4.3 [a]), it improperly does so only on behalf of Ambroise, rather than on behalf of all of the decedent's

distributees. "[A] wrongful death action in New York must be brought by the appointed personal representative on behalf of all of the distributees, not just a single distributee who comes forward and elects to commence an action on his [or her] own behalf" (*Meroni v Holy Spirit Assn. for Unification of World Christianity*, 119 AD2d 200, 207 [1986]; *see Chong v New York City Tr. Auth.*, 83 AD2d 546, 547 [1981]). In addition, to the extent that the second cause of action can be construed as asserting a claim by Ambroise individually to recover damages for negligent infliction of emotional distress, it fails to state a cause of action because it is undisputed that she was not present at the accident scene, and thus did not observe the decedent's death while in the zone of danger (*see Coleson v City of New York*, 24 NY3d 476, 483 [2014]; *Goins v Rome City School Dist.*, 27 AD3d 1149, 1150 [2006]).

As the decedent's distributees, his four children may recover damages for pecuniary loss, which includes loss of income and financial support, and loss of parental guidance (*see Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 668-669 [1991]; *Milczarski v Walaszek*, 108 AD3d 1190 [2013]). However, only a personal representative who has received letters of administration of a decedent's estate is authorized to commence a wrongful death action to recover damages sustained by the decedent's distributees on account of his or her death (*see Shelley v South Shore Healthcare*, 123 AD3d 797 [2014]; *Jordan v Jordan*, 120 AD3d 632 [2014]). Accordingly, while Ambroise and Chuntz, as the administrators of the decedent's estate, may seek recovery of damages for wrongful death on behalf of the decedent's children, the decedent's children lack standing to assert causes of action in their individual capacities, and their individual causes of action must be dismissed pursuant to CPLR 3211 (a) (3) (*see Jordan v Jordan*, 120 AD3d at 632). However, since all of the decedent's distributees, including Ambroise individually, have a potentially viable cause of action to recover damages for wrongful death, we grant Ambroise and Chuntz, as administrators of the decedent's estate, leave to replead a cause of action to recover damages for wrongful death on behalf of all distributees (*see James v Middletown Community Health Ctr.*, 278 AD2d 280, 281 [2000]).

In light of our determination, we need not address the defendants' remaining contentions.

Accordingly, we grant those branches of the defendants' motion which were to dismiss so much of the first cause of action as sought to recover damages against UPS for negligent hiring, training, and supervision, and to dismiss the second, third,

fourth, fifth, and sixth causes of action insofar as asserted against them, and grant leave to Ambroise and Chuntz, as administrators of the decedent's estate, to replead a cause of action to recover damages for wrongful death on behalf of all distributees. Eng, P.J., Balkin, Hall and Barros, JJ., concur.