Axisa v New York City Health & Hosps. Corp. (2024 NY Slip Op 03926)

Axisa v New York City Health & Hosps. Corp.

2024 NY Slip Op 03926

Decided on July 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 25, 2024

Before: Kern, J.P., Oing, Kapnick, Higgitt, Michael, JJ. 

Index No. 805179/22 Appeal No. 2347-2348 Case No. 2023-04068 2023-04678 

[*1]Gary Axisa etc., Plaintiff-Appellant,
v
The New York City Health & Hospitals Corporation, et al., Defendants-Respondents. 

Redmond Law Firm PLLC, New York (Jason Levine of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about January 20, 2023, which denied plaintiff's motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e and sua sponte dismissed the complaint, and order, same court and Justice, entered June 28, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to renew, unanimously affirmed, without costs.
The court providently exercised its discretion by denying plaintiff's motion for leave to file a late notice of claim on defendants New York City Health & Hospitals Corporation (HHC) and Bellevue Hospital (see General Municipal Law § 50-e[5]). The court properly determined that it could not grant leave as to the medical malpractice and negligence claims alleged in the complaint because the one-year and 90-day statute of limitations for those claims expired before the motion was made (see Pierson v City of New York, 56 NY2d 950, 955-956 [1982]; Young v New York City Health & Hosps. Corp., 147 AD3d 509, 509 [1st Dept 2017]). Moreover, the complaint does not expressly assert a cause of action for wrongful death and fails to anywhere allege the required element that the decedent's estate had distributees who could have suffered pecuniary loss by reason of her death (see James v Middletown Community Health Ctr., 278 AD2d 280, 281 [2d Dept 2000]).
The court also providently exercised its discretion in denying renewal. The 2021 complaint was available previously, and the claim letters, which were submitted on the original motion, would not change the prior determination (see CPLR 2221[e][2]). Based on our findings, we need not reach the parties' additional arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 25, 2024