■ VICTORIA MEDER, Appellant, v ARTHUR MILLER et al., Defendants, and TOWER ANESTHESIA ASSOCIATES, Respondent. —Judgment of the Supreme Court, New York County (Bernard L. Reagan, J.), entered on March 30, 1990, which, following a jury trial, dismissed the complaint against defendant Dr. Arthur Miller and awarded judgment on the verdict in favor of defendant Tower Anesthesia Associates and against plaintiff, is unanimously modified on the law to the extent of reversing the judgment in favor of Tower Anesthesia Associates and remanding the matter for a new trial, and otherwise affirmed, without costs or disbursements.

Plaintiff commenced this medical malpractice action for

damages arising out of a herniated disc which she allegedly suffered in the course of a routine dilation and curettage procedure, commonly called a D & C, following the removal of a polyp from her uterus. The surgery was performed at Beth Israel Medical Center on November 15, 1979 by Dr. Arthur Miller. Immediately prior to the surgery, plaintiff was administered general anesthesia by Dr. Mark Siegel, then an employee of defendant Tower Anesthesia Associates. At some point during the surgery, she purportedly awoke and, startled, lifted her body forward. According to plaintiff, she was restrained, pushed back down on the operating table and given additional anesthesia until she fell asleep again. Her next recollection was regaining consciousness amidst a great deal of pain, which persisted and was subsequently diagnosed as being the result of a protruding lumbar disc and a nerve injury. Plaintiff's expert witness attributes these injuries to what occurred when she awoke during the D & C procedure.

It is plaintiff's contention that she was not sufficiently anesthetized by Dr. Siegel who, she later learned, was a drug addict at the time of the trial and, indeed, eventually his association with the hospital was terminated because of his severe dependency problem. Specifically, one of the substances which he admitted to abusing was Fentanyl, a narcotic employed to anesthetize patients, and this drug was administered to plaintiff. Dr. Siegel, it should be noted, conceded at trial that he would frequently substitute a saline solution for Fentanyl and falsify patients' records to reflect that Fentanyl was used. He would then pilfer the Fentanyl to sustain his own habit. In that regard, the evidence at trial was certainly sufficient to indicate that this might have been done with respect to plaintiff's surgery. Consequently, there was clearly reason to believe that Dr. Siegel's personnel records, which plaintiff subpoenaed during trial, might very likely have contained information material to the instant litigation. Since personnel records must be disclosed, at least to the extent of requiring an in camera inspection by the court, whenever there is a reasonable possibility that these files contain relevant and material documents *(Lawrence v City of New York,* 118 AD2d 758; *Brady v Ottaway Newspapers,* 110 AD2d 614), it was error for the trial court to have denied plaintiff's repeated attempts to procure Dr. Siegel's personnel records even to the point of not undertaking an in camera review thereof. Therefore, the judgment on the jury verdict in favor of defendant Tower Anesthesia Associates must be reversed, and the matter remanded for a new trial. Concur—Milonas, J. P., Rosenberger, Kassal and Rubin, JJ.