■ ROBERT HELBIG et al., Respondents, v CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants. [622 NYS2d 316] —In an action to recover damages, *inter alia,* for negligence and fraud, (1) the defendant Board of Education of the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated April 15, 1993, as denied the branch of the motion of the defendants City of New York and Board of Education of the City of New York which was to dismiss the complaint insofar as it is asserted against the defendant Board of Education of the City of New York and (2) the defendant Murray Brenner separately appeals, as limited by his brief, from so much of the same order as denied his separate motion to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, the branch of the motion of the defendants City of New York and Board of Education of the City of New York which was to dismiss the complaint insofar as it is asserted against the defendant Board of Education of the City of New York is granted, the motion of the defendant Murray Brenner to dismiss the complaint insofar as it is asserted against him is granted, and the complaint is dismissed insofar as it is asserted against the defendants Murray Brenner and the

Board of Education of the City of New York with leave to the plaintiffs to replead the fraud and intentional tort causes of action. The plaintiffs' time to replead is extended until 20 days after service upon them of a copy of this order with notice of entry.

The complaint, as supplemented by one of the plaintiffs' affidavits (see, Rovello v Orofino Realty Co., 40 NY2d 633; Rotanelli v Madden, 172 AD2d 815), alleges that the defendant Murray Brenner, the former principal of the infant plaintiff's elementary school, altered the answer sheets of certain citywide mathematics and reading tests, including the answer sheet of the infant plaintiff. As a result, the learning-disabled infant plaintiff was allegedly denied access to a special education program, i.e., the resource room, because his test scores on the citywide tests indicated that he was an above-average student. The plaintiffs allege negligence on the part of Brenner and the Board of Education of the City of New York (hereinafter the Board of Education) in failing to detect the infant plaintiff's learning disabilities and to place him in the resource room. The plaintiffs also allege that Brenner's fraud and intentional wrongdoing in altering the answer sheets of the citywide tests prevented the infant plaintiff from gaining admission to his school's resource room. The plaintiffs further allege that, as a result of the failure to place the infant plaintiff in the appropriate program at an early age, the infant plaintiff, who is now a teenager, would find it difficult, if not impossible, to acquire basic reading and mathematical skills.

The defendants moved to dismiss the complaint for failure to state a cause of action. The Supreme Court, acknowledging that the complaint is deficient insofar as it pleads a cause of action for damages for educational malpractice, nonetheless denied the motions to dismiss the complaint insofar as it is asserted against the Board of Education and Brenner on the ground that the complaint adequately pleads intentional wrongdoing. Brenner and the Board of Education appeal.

While we agree with much of the Supreme Court's decision (see, Helbig v City of New York, 157 Misc 2d 487), we reverse the order insofar as it is appealed from and dismiss the complaint insofar as it is asserted against the appellants, with leave to replead the fraud and intentional tort causes of action.

It is well-settled that New York State does not recognize a cause of action for damages for educational malpractice (see, Torres v Little Flower Children's Servs., 64 NY2d 119; Hoff-

*man v Board of Educ.,* 49 NY2d 121; *Donohue v Copiague Union Free School Dist.,* 47 NY2d 440; *Suriano v Hyde Park Cent. School Dist.,* 203 AD2d 553). Thus, the provisions of the complaint that allege negligence on the part of the appellants must be dismissed.

As for the allegations of fraud and other intentional wrongdoing, this Court has recognized that, while educational malpractice is not actionable, causes of action sounding in fraud and other intentional torts may be viable if properly pleaded and proved *(see, Paladino v Adelphi Univ.,* 89 AD2d 85). Furthermore, only actual pecuniary losses are sustainable as damages in a fraud cause of action *(see, Rivera v Wyckoff Hgts. Hosp.,* 184 AD2d 558; *Sangimino v Sangimino,* 176 AD2d 872; *Nager Elec. Co. v E. J. Elec. Installation Co.,* 128 AD2d 846). In this case the plaintiffs failed to plead the allegations of fraud with the specificity required by CPLR 3016 (b) *(see, Bramex Assocs. v CBI Agencies,* 149 AD2d 383; *Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778). Likewise, the allegations of intentional wrongdoing are also deficient. Thus, the complaint must be dismissed insofar as it is asserted against the appellants. However, the plaintiffs shall be given an opportunity to replead their fraud and intentional tort causes of action.

The issue of whether the Board of Education should be liable, under the doctrine of respondeat superior, for Brenner's alleged intentional wrongdoings, that is, whether Brenner can be said to have been acting within the scope of his employment when he committed the alleged intentional acts, cannot be determined at this juncture. When an employee commits an intentional tort, his intentional conduct may be said to have been within the scope of his employment when his employer could have reasonably anticipated the conduct. In fact, "the employer need not have foreseen the precise act or the exact manner of the injury as long as the general type of conduct may have been reasonably expected" *(Riviello v Waldron,* 47 NY2d 297, 304; *see also, Quadrozzi v Norcem, Inc.,* 125 AD2d 559). There are allegations in the record that the Board of Education was aware of the dramatic improvement in the ranking of Brenner's school among New York City public schools, which were ranked as a result of the citywide test results. These allegations are sufficient, at this juncture, to raise a question of fact regarding whether Brenner's alleged intentional conduct was generally foreseeable by the Board of Education so as to hold it liable under the

doctrine of respondeat superior *(see, Riviello v Waldron, supra; Quadrozzi v Norcem, Inc., supra).*

The appellants' remaining contentions are without merit. Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.