■ HALINA YIN FONG CHOW et al., Respondents, v LONG ISLAND RAIL ROAD et al., Appellants, et al., Defendants. (And Another Title.) [694 NYS2d 761] —In an action to recover damages for personal injuries and wrongful death, the defendants Long Island Rail Road and Robert Franke appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered July 2, 1998, as sua sponte directed them to provide the plaintiffs with (1) medical records of Robert Franke pertaining to any physical condition which affected his back for a period of three years before the subject accident, (2) medical reports from any physical examination of Robert Franke required by the Long Island Rail Road, conducted during a period of three years before the subject accident, and (3) any employee evaluations of Robert Franke's work performance for a period of three years before the accident.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [a] [2]; [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants are not required to provide the plaintiffs with the records in question.

To be entitled to the defendant Robert Franke's medical records maintained by the defendant Long Island Rail Road (hereinafter the LIRR), the plaintiffs were required to make an evidentiary showing that Franke's physical condition is "in controversy" (CPLR 3121 [a]; see, Dillenbeck v Hess, 73 NY2d 278, 287; Koump v Smith, 25 NY2d 287, 300). Although the plaintiffs claim that Franke's physical condition is in controversy, they made no such evidentiary showing. Therefore, the Supreme Court should not have directed the LIRR to provide the plaintiffs with Franke's medical records or any medical reports prepared with respect to him.

Similarly, the Supreme Court erred in directing the LIRR to provide the plaintiffs with Franke's personnel records. Because the plaintiffs have not alleged a cause of action to recover damages for negligent hiring, these records are not discoverable (see, Reynolds v Vin Dac Pham, 212 AD2d 991; Stevens v Metropolitan Suburban Bus Auth., 117 AD2d 733). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.