■ PAUL P. GERARDI et al., Appellants, v NASSAU/SUFFOLK AIRPORT CONNECTION, INC., Doing Business as TOWN & COUNTRY LIMOUSINE SERVICE, et al., Respondents. [732 NYS2d 363] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Klein, J.), dated December 15, 2000, which denied their motion to compel the defendants to produce the decedent's employment records for the three-year period preceding the date of the accident, and to discover and inspect the decedent's autopsy and toxicological reports.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to discover and inspect the decedent's autopsy and toxicological reports; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for an in camera review and a new determination in accordance herewith.

The plaintiffs, *inter alia,* moved to discover and inspect the autopsy and toxicological reports of the defendant's decedent pursuant to CPLR 3121. Pursuant to County Law § 677 (3) (b) "[u]pon proper application of any person who is or may be affected in a civil * * * action by the contents of the record of any [medical examiner's] investigation * * * an order may be made by * * * a justice of the supreme court, that the record of that investigation be made available for his inspection, or that a transcript thereof be furnished to him, or both." The medical examiner's records are not privileged (*see, Anderson v Commercial Travelers Mut. Acc. Assn.,* 73 AD2d 769; *Walsh v Beckman,* 29 Misc 2d 591), and may be relevant to the question of the decedent's negligence. The plaintiffs demonstrated a substantial interest in the reports. Upon remittal, the Supreme Court should conduct an in camera review and determine whether there are any countervailing privacy concerns (*see, Matter of Diaz v Lukash,* 82 NY2d 211).

The employment records of the defendant's decedent are not discoverable, since the plaintiffs have not alleged a cause of action to recover damages for negligent hiring (*see, Halina Yin Fong Chow v Long Is. R. R.,* 264 AD2d 759; *Reynolds v Vin Dac Pham,* 212 AD2d 991; *Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.