■ DAVID JORDAN, Appellant, v BLUE CIRCLE ATLANTIC, INC., Appellant, and J.R. HALL, INC., Respondent, et al., Defendant. (And Two Third-Party Actions.) [745 NYS2d 289] —Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered November 29, 2001 in Albany County, which, inter alia, denied motions by plaintiff and defendant Blue Circle Atlantic, Inc. to compel discovery.

While working as a mason for LVR, Inc. on premises owned by defendant Blue Circle Atlantic, Inc. (hereinafter Blue Circle), plaintiff was injured when Jeffrey Boehlke, an employee of defendant J.R. Hall, Inc.* (hereinafter Hall), dropped a 25 to 30-pound brick on plaintiff's right hand. Blue Circle and Hall were among the defendants named by plaintiff in the ensuing action. During disclosure, plaintiff sent a letter to Hall demanding a copy of Boehlke's personnel file. Blue Circle served a demand on Hall seeking various payroll records, which it asserted were relevant to Hall's contention that Boehlke was a "special employee" of Blue Circle. Hall resisted the demands and, when the parties were unable to resolve their dispute, motion practice ensued. Supreme Court denied the motions of plaintiff and Blue Circle to compel disclosure and this appeal ensued.

While disclosure requirements are liberally construed (*see, e.g., Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *Marten v Eden Park Health Servs.*, 250 AD2d 44, 46), there are limits on disclosure framed by a test of "usefulness and reason" (*Allen v Crowell-Collier Publ. Co., supra* at 406; *see, Mitchell v Stuart*, 293 AD2d 905; *Conrad v Park*, 204 AD2d 1011). It is

---

* Although named as J.R. Hall, Inc. in the complaint, it appears from the record that the proper defendant is J. Hall, Ltd., doing business as J.R. Hall.

well settled that deference is afforded to the trial court's discretionary determinations regarding disclosure (*see, Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888).

Here, Supreme Court did not abuse its discretion when it denied plaintiff's broad request for Boehlke's entire personnel file. There is no allegation of negligent hiring and Boehlke's personnel file is not otherwise relevant or reasonably calculated to lead to evidence relevant to the issue of Hall's purported negligence (*see, Stevens v Metropolitan Suburban Bus Auth.*, 117 AD2d 733; *see also, Gerardi v Nassau/Suffolk Airport Connection*, 288 AD2d 181; *Reynolds v Vin Dac Pham*, 212 AD2d 991).

Nor are we persuaded that it rose to the level of an abuse of discretion for Supreme Court to deny production of the documents demanded by Blue Circle. Blue Circle had already obtained disclosure evidence on the special employee issue and it failed to show the relevancy of the demanded documents in determining the issue of whether control of Boehlke had been surrendered by Hall and assumed by Blue Circle (*see generally, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557).

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.