■ SAMUEL NEIGER, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [897 NYS2d 733]—

In an action to recover damages for personal injuries, etc., the defendants New York City Transit Authority and Metropolitan Transportation Authority appeal from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated October 10, 2007, which denied their motion, in effect, to vacate so much of a "pre-calendar order" of the same court dated December 14, 2006, as directed the defendant New York City Transit Authority to produce any incident reports, driving records, and/or disciplinary reports regarding a named individual for in camera inspection.

Ordered that the order is reversed, on the law, with costs, and

the motion of the defendants New York City Transit Authority and Metropolitan Transportation Authority, in effect, to vacate so much of the precalendar order dated December 14, 2006, as directed the defendant New York City Transit Authority to produce any incident reports, driving records, and/or disciplinary reports regarding a named individual for in camera inspection is granted.

The Supreme Court erred in denying the appellants' motion, in effect, to vacate so much of the precalendar order dated December 14, 2006, as directed the defendant New York City Transit Authority (hereinafter the NYCTA) to produce for in camera inspection any incident reports, driving records, and/or disciplinary reports of a named individual who was operating the NYCTA bus in which the plaintiff's decedent allegedly was injured. Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and the plaintiff may not proceed with a cause of action to recover damages for negligent hiring and retention (*see Ashley v City of New York*, 7 AD3d 742, 743 [2004]; *Karoon v New York City Tr. Auth.*, 241 AD2d 323, 324 [1997]; *Eifert v Bush*, 27 AD2d 950, 951 [1967], *affd* 22 NY2d 681 [1968]). Since the appellants conceded that the bus driver was acting within the scope of his employment when the accident occurred, the personnel records of the bus driver were not discoverable (*see Gerardi v Nassau/Suffolk Airport Connection*, 288 AD2d 181 [2001]; *Halina Yin Fong Chow v Long Is. R.R.*, 264 AD2d 759, 760 [1999]; *Stevens v Metropolitan Suburban Bus Auth.*, 117 AD2d 733 [1986]). Furthermore, the plaintiffs failed to show any other basis to justify the granting of their request for the personnel records (*see Reynolds v Vin Dac Pham*, 212 AD2d 991 [1995]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.