■ CHENG FENG FONG, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [919 NYS2d 874]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Sherman, J.), dated March 5, 2010, which granted the plaintiff's motion to compel responses to certain discovery demands for personnel and medical records.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff, a passenger on a bus owned by the New York City Transit Authority (hereinafter the Transit Authority) alleged that the defendant bus driver, an employee of the Transit Authority, assaulted him after he requested that the bus driver stop the bus. The defendants contend that the driver acted in self-defense. Additionally, the defendants concede that the bus driver was acting in the scope of his employment during the altercation. Given this clear concession (*cf. Pickering v State of New York*, 30 AD3d 393, 394 [2006]), even if the bus driver's conduct is determined to have been an intentional tort, the Transit Authority would be vicariously liable to the plaintiff under the doctrine of respondeat superior, regardless of its knowledge of the bus driver's medical and work history (*see Yildiz v PJ Food Serv., Inc.*, 82 AD3d 971 [2d Dept 2011]; *Helbig v City of New York*, 212 AD2d 506, 509 [1995]; *cf. Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599, 600 [2006]; *Santoro v Town of Smithtown*, 40 AD3d 736, 738 [2007]; *Oliva v City of New York*, 297 AD2d 789, 790-791 [2002]; *Vega v Northland Mktg. Corp.*, 289 AD2d 565, 566 [2001]). Consequently, the information that the plaintiff sought from the bus driver's personnel file is not relevant, and that branch of the plaintiff's motion which was to compel its disclosure should have been denied (*see Neiger v City of New York*, 72 AD3d 663, 664 [2010]; *cf. Pickering v State of New York*, 30 AD3d at 394; *Ashley v City of New York*, 7 AD3d 742, 743 [2004]; *Helbig v City of New York*, 212 AD2d at 508-509). The information sought in paragraph 9 of the plaintiff's combined demand for discovery and inspection was likewise not relevant, and that branch of the plaintiff's motion which was to compel its disclosure should have been denied as well. Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur.