■ SALLY SARETTO, Respondent, v SPYROS PANOS et al., Defendants, and VASSAR BROTHERS HOSPITAL et al., Appellants. [992 NYS2d 88]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Vassar Brothers Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November 29, 2012, as denied its motion pursuant to CPLR 3211 (a) (5) to dismiss

the complaint insofar as asserted against it as time-barred, and the defendant Mid Hudson Medical Group, P.C., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the claims in the complaint to recover damages for negligent hiring and supervision insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from by the defendant Vassar Brothers Hospital, on the law, and the motion of that defendant pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Mid Hudson Medical Group, P.C.; and it is further,

Ordered that one bill of costs is awarded to the defendant Vassar Brothers Hospital payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant Mid Hudson Medical Group, P.C.

According to the plaintiff, in or about June 2008, she sought treatment for her left knee from the defendant Spyros Panos, a physician employed by the defendant Mid Hudson Medical Group, P.C. (hereinafter Mid Hudson). On August 7, 2008, Panos performed surgery on the plaintiff's knee at Vassar Brothers Hospital (hereinafter Vassar). On April 10, 2012, the plaintiff commenced this action against Vassar and Mid Hudson, among others, inter alia, to recover damages for medical malpractice.

The Supreme Court should have granted Vassar's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. Contrary to the plaintiff's contention, the motion was not properly denied on the ground that discovery might have revealed evidence that would estop Vassar from raising a statute of limitations defense. In opposition to Vassar's motion, the plaintiff argued that, with further discovery, she hoped to be able to establish that Vassar possessed knowledge of Panos's medical malpractice, and that this knowledge, coupled with Vassar's "allowing" Panos "to continue" his malpractice to the detriment of other patients, was a fraud perpetrated by Vassar on the public that estopped it from asserting a statute of limitations defense. Even if the plaintiff were able to establish these facts, however, they would not give rise to an estoppel (*see Plain v Vassar Bros. Hosp.*, 115 AD3d 922, 923 [2014]; *Nelson v Hudson Val. Ctr. at St. Francis, LLC*, 115 AD3d 917, 918 [2014]; *Butcher v Panos*, 115 AD3d 900, 901 [2014]).

However, the Supreme Court properly denied that branch of Mid Hudson's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the claims to recover damages for negligent hiring or supervision insofar as asserted against it. " 'Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training' " (*Quiroz v Zottola*, 96 AD3d 1035, 1037 [2012], quoting *Talavera v Arbit*, 18 AD3d 738, 738 [2005]; *see Neiger v City of New York*, 72 AD3d 663, 664 [2010]). Since Mid Hudson did not concede that Panos acted completely within the scope of his employment when committing all of the acts alleged in the complaint, the Supreme Court did not err in refusing to direct the dismissal of the claims against Mid Hudson to recover damages for negligent hiring and supervision (*see Pickering v State of New York*, 30 AD3d 393, 394 [2006]; *cf. Cheng Feng Fong v New York City Tr. Auth.*, 83 AD3d 642, 643 [2011]). Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.