OPINION OF THE COURT
Arlene P. Bluth, J.
Plaintiff Patrick McMahon’s motion to compel defendant New York Organ Donor Network, Inc. to produce documents in response to plaintiff’s request number 3 of plaintiff’s sixth demand for the production of documents is granted to the extent provided herein and defendant’s cross motion for a protective order denying plaintiff additional discovery is denied.
This whistleblower action arises out of plaintiff’s termination from his job as a transplant coordinator for defendant. Plaintiff alleges that he was fired after making complaints that defendant’s employees were procuring organs from individuals without performing legally-required tests. Plaintiff further claims that, in some instances, organs were taken from individuals who were still showing clear signs of life. Plaintiff claims that he was fired in violation of Labor Law § 740.
Defendant denies plaintiff’s allegations relating to the procurement of organs. Defendant claims that plaintiff was fired for poor performance in November 2011 while he was still a probationary employee.
Plaintiff brings the instant motion pursuant to CPLR 3124 seeking to compel the defendant to: (1) produce documents relating to individuals that were the basis or subject of plaintiff’s protected complaint; (2) produce records relating to an individual mentioned at the deposition of a former transplant coordinator for defendant; (3) produce variance tracking documents which allegedly documented problems relating to *203 whether donors exhibited signs of life after they were declared brain dead; and (4) produce documents relating to the evaluations and reviews of defendant’s other current and former probationary employees.
Defendant cross-moves for a protective order denying plaintiff any of the additional discovery.
The parties resolved plaintiffs first three demands at an appearance before the court on March 22, 2016 (see NYSCEF Doc. No. 52). Only the last demand regarding the request for the performance evaluations of certain employees remains for the court to decide. Plaintiff’s request number 3 of plaintiff’s sixth demand for the production of documents (personnel requests) states:
“With regard to any current or former NYODN employees who held the position of ‘Transplant Coordinator’ with NYODN and were classified as a ‘probationary employee,’ produce all documents: (1) relating to any evaluations or reviews conducted by NYODN of these employees; (2) reflecting whether or not these employees became ‘permanent’ employees of NYODN or were otherwise hired/fired by NYODN; and (3) relating to NYODN’s decision to hire/fire these employees or otherwise take them off their probationary status. This request seeks documents regarding those employees hired by NYODN between January 1, 1995 and the present.”
Discussion
“CPLR 3101 (a) entitles parties to full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof” (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000] [internal quotation marks omitted]). “What constitutes material and necessary should be construed liberally to require disclosure of any facts bearing on the controversy which assist by sharpening the issues and reducing delay” (Polygram Holding, Inc. v Cafaro, 42 AD3d 339, 340-341 [1st Dept 2007] [internal quotation marks omitted]). “The test is one of usefulness and reason” (id. at 341). “A trial court is vested with broad discretion in its supervision of disclosure” (MSCI Inc. v Jacob, 120 AD3d 1072, 1075 [1st Dept 2014]).
“[Personnel records must be disclosed, at least to the extent of requiring an in camera inspection by the court, whenever there is a reasonable possibility that these files contain *204 relevant and material documents” (Meder v Miller, 173 AD2d 392, 393 [1st Dept 1991]).
In order to prevail on a claim under Labor Law § 740 (2) (a), a plaintiff must show that an employer took
“retaliatory personnel action against an employee because such employee . . .
“discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety.”
Labor Law § 740 (4) (c) provides that “ [i]t shall be a defense to any action brought pursuant to this section that the personnel action was predicated upon grounds other than the employee’s exercise of any rights protected by this section.”
Plaintiff argues that the personnel requests are necessary because defendant claims that plaintiff was fired due to substandard work performance and defendant points to plaintiff’s negative evaluations to justify plaintiff’s termination.* Plaintiff claims that he needs the personnel requests of current and former probationary employees to test the merits of defendant’s alleged justification for plaintiff’s termination. Plaintiff acknowledges that defendant produced a list of probationary employees who had been terminated or otherwise resigned during their probationary period, which included the reasons for their termination and the final signed letter regarding their termination or resignation.
Defendant claims that the personnel records of other transplant coordinators are irrevelant to plaintiff’s claims and that the production of the personnel requests would serve no valid legal purpose. Defendant further argues that the document request is not “narrowly tailored” since it requests personnel records from January 1, 1995 to the present even though plaintiff was only employed with defendant from July to November 2011.
Neither plaintiff nor defendant cite cases analogous to the instant action. Plaintiff cites employment discrimination cases *205 involving claims of age and race discrimination. Defendant cites a case involving a request for personnel files in a personal injury lawsuit. Neither party refers to discovery issues relating to whistleblower actions.
In whistleblower actions, it is often difficult to ascertain an employer’s motivation for terminating or taking other personnel action against an employee. Personnel records of employees in similar positions may serve as a useful comparison with a plaintiff’s personnel file. “The use of comparison evidence allows a plaintiff to discover an employer’s intent and test the proffered reason for taking the adverse employment action” (Hinton v Conner, 225 FRD 513, 515 [MD NC 2005] [holding that plaintiff was entitled to discovery of similarly situated employees’ review forms in a whistleblower action]). Comparison “evidence may be relevant to the issue of intent in a case such as the instant one where plaintiff is attempting to show that she was discharged from employment because of her whistle blowing activities” (id.). Reviewing the performance evaluations of other employees could allow a plaintiff to show that the employer’s stated reasons for a plaintiff’s termination were baseless or a pretext.
Plaintiff’s personnel requests are reasonable. Although defendant provided plaintiff with information relating to probationary employees who were terminated or resigned, plaintiff’s personnel requests relating to employees who were not discharged are also reasonable. Comparing plaintiff’s performance evaluations with those of other transplant coordinators, both terminated and retained, might allow plaintiff to show that other probationary employees with similar performance evaluations were not terminated, thereby countering defendant’s claim that plaintiff was discharged for poor performance. Plaintiff’s personnel requests are also narrowly tailored because plaintiff seeks documents from probationary employees who held the position of transplant coordinator. Plaintiff does not request the evaluations for all of defendant’s employees. Plaintiff also seeks documentation relating to whether this subset of defendant’s employees became permanent employees and documentation supporting the decision to retain or terminate these workers instead of requesting the entire personnel file.
However, plaintiff’s demand for personnel requests from January 1, 1995 to the present is burdensome. “[C]ompeting interests must always be balanced; the need for discovery must *206 be weighed against any special burden to be borne by the opposing party” (Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998] [internal quotation marks and citations omitted]). Here, the court must balance plaintiff’s request for relevant documents with the burden of producing personnel documents from the last 20 years. These documents will likely contain sensitive information that will require a significant amount of redactions. A more reasonable time period would include a few years before and after plaintiff’s employment with defendant. Therefore, the court will grant plaintiff’s motion to compel the production of the personnel requests from January 1, 2009 through December 31, 2013.
In order to protect the privacy of defendant’s employees, these documents should be marked as “Confidential Information” pursuant to the parties’ protective order entered into on February 15, 2013 (see NYSCEF Doc. No. 13).
Accordingly, it is hereby ordered that plaintiff’s motion to compel defendant to produce documents in response to demand number 3 of plaintiff’s sixth demand for the production of documents is granted as set forth above and defendant’s cross motion for a protective order is denied.

 In support of this argument, plaintiff cites to a letter he claims was drafted by Kervens Louissant (an employee of defendant), dated November 15, 2011, regarding the termination of plaintiff’s employment (see affirmation of plaintiff’s counsel, exhibit K). However, the letter attached as exhibit K is dated October 20, 2011 and appears to be a written warning regarding plaintiff’s work performance rather than notice of plaintiff’s termination.