Schonbrun v DeLuke (2018 NY Slip Op 02386)





Schonbrun v DeLuke


2018 NY Slip Op 02386


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

525197

[*1]DAVID SCHONBRUN, Individually and as Parent and Guardian of ANDREW SCHONBRUN et al., Infants, Respondent,
v
BRIGITTE A. DeLUKE, Defendant, and CAPITAL DISTRICT TRANSPORTATION AUTHORITY (CDTA) et al., Appellants.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey and Aarons, JJ.


O'Connor, O'Connor, Bresee & First, PC, Albany (Danielle N. Meyers of counsel), for appellants.
Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Ryba, J.), entered April 4, 2017 in Albany County, which, among other things, granted plaintiff's motion to compel discovery.
On June 22, 2015, plaintiff's infant children were struck by a vehicle after they disembarked from a bus owned by defendant
Capital District Transportation Authority (hereinafter CDTA) and operated by its employee, defendant Edward Morin. Plaintiff, individually and on behalf of his children, thereafter commenced this action seeking to recover damages sustained as a result of the accident. After Morin testified at his deposition that he had been involved in at least six prior accidents while employed by CDTA, plaintiff moved to compel the production of all accident reports involving Morin that predated the incident in question. Finding that such prior accident reports were relevant to plaintiff's sufficiently pleaded cause of action for negligent hiring and retention, Supreme Court granted the motion. This appeal by CDTA and Morin ensued.
CPLR 3101 (a) mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Here, we take no issue with Supreme Court's conclusion that records of an employee's prior similar acts of negligence are generally discoverable in actions asserting claims for negligent hiring, retention or supervision, as such prior acts may be relevant in establishing whether "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Stevens v Kellar, 112 AD3d 1206, 1209 [2013] [internal quotation marks and citation omitted]; see Spath v Storybook Child Care, Inc., 137 AD3d 1736, 1738 [2016]; Huffman v Ellis, 208 AD2d 902, 902 [1994]). We part ways, however, on the issue of whether plaintiff in fact pleaded any such cause of action.
The allegations of negligence set forth in the complaint, as they relate to Morin and CDTA, pertain solely to Morin's operation of the bus on the day of the incident [FN1]. Specifically, the complaint alleges that, after discharging the infant passengers, Morin "negligently remained in that position for a considerable period of time, causing the bus to obstruct the path of travel for other vehicles in violation of the Vehicle and Traffic Law[]." It further alleges that Morin was "negligent, careless and reckless" in failing to illuminate his hazard lights or any other signal to alert drivers of the presence of the bus during that time. Critically absent from the complaint is any allegation of direct negligence on the part of CDTA. Thus, the complaint "gives not the slightest indication of a theory of liability of negligent supervision[, hiring or retention]" (Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [2010] [internal quotation marks and citation omitted], affd 16 NY3d 729 [2011]; accord White v Diocese of Buffalo, N.Y., 138 AD3d 1470, 1471 [2016]; Melino v Tougher Heating & Plumbing Co., 23 AD2d 616, 616-617 [1965]). Although plaintiff alleged a theory of negligent hiring and retention in his bill of particulars, "[i]t is well settled that a bill of particulars is intended to amplify the pleadings, limit the proof, and prevent surprise at trial . . . [, and it] may not be used to allege a new theory not originally asserted in the complaint" (Darrisaw v Strong Mem. Hosp., 74 AD3d at 1770 [internal quotation marks and citation omitted]; accord Peterson v New York State Elec. & Gas Corp., 115 AD3d 1029, 1030 [2014]; see White v Diocese of Buffalo, N.Y., 138 AD3d at 1471; Paterra v Arc Dev. LLC, 136 AD3d 474, 475 [2016]; Sullivan v St. Francis Hosp., 45 AD3d 833, 834 [2007]; Plante v Hinton, 271 AD2d 781, 783 [2000]; Lewis v Village of Deposit, 40 AD2d 730, 730 [1972], affd 33 NY2d 532 [1973]; see generally Northway Eng'g v Felix Indus., 77 NY2d 332, 335-336 [1991]; Flores v New York City Hous. Auth., 151 AD3d 695, 696 [2017]). Furthermore, the prior accident reports at issue "[are] not otherwise relevant or reasonably calculated to lead to evidence relevant to the issue of [Morin]'s purported negligence" (Jordan v Blue Circle Atl., 296 AD2d 752, 753 [2002]; see Cheng Feng Fong v New York City Tr. Auth., 83 AD3d 642, 643 [2011]; Gerardi v Nassau/Suffolk Airport Connection, 288 AD2d 181, 181 [2001]; Reynolds v Vin Dac Pham, 212 AD2d 991, 991 [1995]; Stevens v Metropolitan Suburban Bus Auth., 117 AD2d 733, 733 [1986]). Consequently, plaintiff's motion to compel disclosure of the prior accident reports should have been denied.
Garry, P.J., Devine and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to compel the production of all prior accident reports involving defendant Edward Morin; motion denied to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Likewise, plaintiff's notice of claim (see Public Authorities Law § 1317 [2]) specifies that the nature of the claim against CDTA and Morin is for negligence "in the operation of [CDTA's] passenger bus on June 22, 2015."