Trotman v New York City Tr. Auth. (2019 NY Slip Op 00631)





Trotman v New York City Tr. Auth.


2019 NY Slip Op 00631


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-07600
2017-07710
 (Index No. 513110/15)

[*1]Norma Trotman, respondent, 
v
New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Martin Schneier, J.H.O.), dated May 10, 2017, and (2) an order of the same court (Lawrence Knipel, J.), dated June 22, 2017. The order dated May 10, 2017, granted the plaintiff's motion to compel discovery responses to certain demands for personnel records. The order dated June 22, 2017, denied the defendants' motion pursuant to CPLR 3104(d) to vacate the order dated May 10, 2017.
ORDERED that the order dated June 22, 2017, is reversed, on the law, the defendants' motion pursuant to CPLR 3104(d) to vacate the order dated May 10, 2017, is granted, and the order dated May 10, 2017, is vacated; and it is further,
ORDERED that the appeal from the order dated May 10, 2017, is dismissed as academic in light of our determination on the appeal from the order dated June 22, 2017; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff allegedly was injured when she fell while a passenger on a bus owned and operated by the defendants. The plaintiff moved to compel discovery responses to demands for the bus driver's personnel file, and the Supreme Court granted the motion to the extent of directing the defendants to produce the driver's disciplinary hearing records relating to his failure to report and document accidents, all customer complaints filed against the driver, and the driver's daily trip sheets and "OVC cards" from 2001 to present. The defendants moved to vacate the order, and the court denied their motion.
"Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior, and a plaintiff may not proceed with a cause of action to recover damages for negligent hiring and retention" (Tangalin v MTA Long Is. Bus, 92 AD3d 766, 767). In light of the defendants' formal [*2]concession that the bus driver was acting within the scope of his employment when the accident occurred, the personnel records of the bus driver are not discoverable (see Cheng Feng Fong v New York City Tr. Auth., 83 AD3d 642, 643; Neiger v City of New York, 72 AD3d 663, 664). Furthermore, the plaintiff failed to show any other basis to justify granting her request for the personnel records, as "any prior acts of carelessness or incompetence of the defendant's employee would not be admissible at trial" (Stevens v Metropolitan Suburban Bus Auth., 117 AD2d 733, 733; see Mazella v Beals, 27 NY3d 694, 709). Therefore, the additional discovery sought by the plaintiff is not relevant or reasonably calculated to lead to evidence relevant to the issue of the driver's alleged negligence (see Schonbrun v DeLuke, 160 AD3d 1100, 1102).
Accordingly, the defendants' motion to vacate the order compelling disclosure of portions of the driver's personnel file should have been granted.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court