Parkinson v Fedex Corp. (2020 NY Slip Op 03202)





Parkinson v Fedex Corp.


2020 NY Slip Op 03202


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


158263/15 11623NA 11623N

[*1] Mark Parkinson, Plaintiff-Appellant,
v
Fedex Corporation, et al., Defendants-Respondents.


Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for appellant.
Brown Gavalas & Fromm LLP, New York (Frank J. Rubino, Jr. of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered March 20, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion pursuant to CPLR 3126 to strike the answer or, in the alternative, to preclude defendants from presenting evidence on the issue of liability or compel them to produce outstanding discovery, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 25, 2018, which denied plaintiff's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.
The court providently exercised its discretion in denying plaintiff's motion to strike, as the record does not show that defendants' noncompliance with the court's eight prior discovery orders was willful, contumacious or due to bad faith (see Lee v 13th St. Entertainment LLC, 161 AD3d 631 [1st Dept 2018]; Ayala v Lincoln Med. & Mental Health Ctr., 92 AD3d 542 [1st Dept 2012]). Although their responses to plaintiff's various notices to produce and to the court's orders were belated and piecemeal, defendants ultimately produced a substantial amount of discovery, as well as a good-faith search affidavit. To the extent plaintiff now raises further discovery abuses based on noncompliance that occurred pending a decision on the motion or after it was decided, these arguments are not properly before this Court, because they were not before the motion court when it decided the motion (TMR Bayhead Sec., LLC v Aegis Texas Venture Fund II, LP, 111 AD3d 508 [1st Dept 2013]).
The motion court properly denied plaintiff's request to compel defendants to produce an unredacted accident report and the personnel files of three employees working at the site and time of plaintiff's accident. The redacted "subsequent remedial measures" reflected in the accident report would not have been admissible in this negligence action (see Caprara v Chrysler Corp., 52 NY2d 114, 122 [1981]; Kaplan v Einy, 209 AD2d 248, 252 [1st Dept 1994]). The exceptions cited by plaintiff are inapplicable (see e.g. Fernandez v Higdon El. Co., 220 AD2d 293 [1st Dept 1995]). The personnel files are not discoverable, as plaintiff has not asserted a cause of action for negligent hiring (see Gerardi v Nassau/Suffolk Airport Connection, 288 AD2d 181 [2d Dept 2001]; Halina Yin Fong Chow v Long Is. R.R., 264 AD2d 759 [2d Dept 1999]). An in camera review to determine whether the personnel files contain "relevant and material" information was unnecessary, as defendants had produced the employees' written accounts of the accident and proof of their completion of a safety training program, and the files likely would not contain further information relevant to the issue of defendants' liability (compare Meder v Miller, 173 AD2d 392, 393 [1st Dept 1991] [personnel records of doctor who substituted saline for drugs during surgeries and pilfered the drugs to feed his own habit and whose association with the hospital was later terminated because of his severe dependency problem "might very likely" contain information relevant to the litigation]).
No appeal lies from the denial of a motion for reargument (D'Andrea v Hutchins, 69 AD3d 541 [1st Dept 2010]). We deny plaintiff's request that we deem the motion as one for [*2]renewal, as the "new facts" he claims he submitted were obtained while the motion to reargue was pending and were improperly submitted for
the first time in reply (CPLR 2221[e][2]; 70th St. Apts. Corp. v Phoenix Constr., Inc., 139 AD3d 619 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK