Benson v Port Auth. of N.Y. & N.J. (2020 NY Slip Op 06445)





Benson v Port Auth. of N.Y. & N.J.


2020 NY Slip Op 06445


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 103044/10 Appeal No. 12376N-12376NA Case No. 2019-4607 

[*1]James Benson et al, Plaintiffs-Appellants,
v
Port Authority of New York and New Jersey et al., Defendants-Respondents.


Louis Grandelli, P.C., New York (Leigh D. Eskenasi of counsel), for appellants.
Segal McCambridge Singer & Mahoney, LTD, New York (Dinesh Dadlani of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered March 6, 2019, which, to the extent appealed from as limited by the briefs, upon renewal, denied plaintiffs' motion to strike the answers, compel the production of certain video footage, and impose costs and sanctions pursuant to CPLR 3126 and 22 NYCRR 130-1.1, and order, same court and Justice, entered July 5, 2019, which, to the extent appealed from, denied plaintiffs' motion to unseal a 2013 affidavit by defendant Port Authority of New York and New Jersey, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiffs' motion to strike the answers, as there was no showing that defendants' failure to provide the requested video footage was willful, contumacious or in bad faith (see Parkinson v FedEx Corp., 184 AD3d 433 [1st Dept 2020]). Indeed, the video footage was never in defendants' "possession, custody or control" (CPLR 3120[1][i]). On this record, there is no basis for sanctions.
The court also properly denied plaintiffs' request to unseal the 2013 Port Authority affidavit. Plaintiff failed to show that there had been a change in national security concerns, which was the grounds on which the affidavit had previously been sealed after an in camera review, and no other compelling reason was asserted (see Cirale v 80 Pine St. Corp., 35 NY2d 113, 117-118 [1974]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020