Junmei Zhang v City of New York (2021 NY Slip Op 05659)





Junmei Zhang v City of New York


2021 NY Slip Op 05659


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Index No. 157088/15 Appeal No. 14371 Case No. 2021-01220 

[*1]Junmei Zhang, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants, Acacia Network Housing et al., Defendants.


Harris Beach PLLC, New York (Andrew J. Orenstein of counsel), for appellants.
Decolator, Cohen & DiPrisco, LLP, Garden City (Carolyn M. Canzoneri of counsel), for respondent.



Order, Supreme Court, New York County (Francis A. Khan, III, J.), entered November 9, 2020, which, inter alia, granted plaintiff's motion for leave to renew and reargue, and upon renewal and reargument, ordered the City defendants to produce certain police officer personnel and disciplinary records from the NYPD and the Civilian Complaint Review Board, and denied the cross motion seeking in camera inspection of any such records, unanimously affirmed, without costs.
The court did not abuse its discretion in granting plaintiff's motion for leave to renew and reargue and, upon renewal and reargument, granting the motion to compel production of the documents at issue without first requiring an in camera review (cf. K.V. v New York City Hous. Auth., 180 AD3d 533 [1st Dept 2020]; Luna v Brodcom W. Dev. Co. LLC, 177 AD3d 516 [1st Dept 2019]). In its order granting renewal and reargument, the court explained that "its underlying determination that the records were not material and necessary to the claims asserted in the complaint" had been made "considering the confidentiality conferred by [New York Civil Rights Law] Section 50-a, the legislative history underlying the statute and the cases that confirmed and expanded the statutory privilege against disclosure," which was repealed shortly after the initial order denying the motion to compel was issued.
The court providently exercised its discretion in reconsidering that issue. Based on the liberal discovery standard set forth in CPLR 3101, without considering the confidentiality conferred by the now repealed Section 50-a, plaintiff demonstrated that the document requests seek records material to the claims pled in the complaint, which include claims against the City defendants for negligent noncompliance with statutory requirements that may be supported by evidence in the personnel and disciplinary records (cf. Parkinson v Fedex Corp., 184 AD3d 433, 434 [1st Dept 2020] ["The personnel files are not discoverable, as plaintiff has not asserted a cause of action for negligent hiring"]).
To the extent that the City defendants' argue that the officer was acting within the scope of his employment, and therefore plaintiff's claims of respondeat superior foreclose any claims based on negligent hiring, retention, or training, City defendants should have, but did not, move to dismiss these claims (see generally Karoon v New York City Tr. Auth., 241 AD2d 323, 324 [1st Dept 1997] [granting summary judgment dismissing claims of employer negligence based on respondeat superior]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021