Levin v City of Rochester (2022 NY Slip Op 02178)





Levin v City of Rochester


2022 NY Slip Op 02178


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

533917
[*1]Craig S. Levin et al., Respondents,
v
City of Rochester et al., Appellants.

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Linda Kingsley, Corporation Counsel, Rochester (Christopher S. Noone of counsel), for appellants.
Phillips Lytle LLP, Buffalo (Craig A. Leslie of counsel), for respondents.



Clark, J.
Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (Ciaccio, J.), entered July 20, 2021 in Monroe County, which partially granted plaintiffs' motion to, among other things, compel certain discovery.
This negligence action was commenced in 2019 to recover for injuries sustained by plaintiff Craig S. Levin, and his spouse, derivatively, when he was struck by a garbage truck owned by defendant City of Rochester and operated by two City employees, including defendant Vincent Paolotto, who was driving the truck. Following joinder of issue, plaintiffs sought production of, among other materials, Paolotto's employment records — specifically, any materials concerning (1) prior accidents that occurred in the course of his duties, (2) actual or contemplated prior disciplinary action, (3) actual or contemplated disciplinary action upon or following the subject accident, including termination, (4) background checks, (5) criminal records and (6) records of substance use or testing. Several months later, plaintiffs submitted a second notice to produce seeking, among other things, any materials concerning employment-related grievances filed with the City by Paolotto, including those related to any actual or contemplated disciplinary action.
Defendants then moved to vacate both notices to produce as overbroad. By order entered March 2020, Supreme Court partially granted that motion. The court initially concluded that plaintiffs largely sought information that was material and necessary for the prosecution of this action, such as truck maintenance records, materials generated at or shortly after the accident and "records of any kind generated by a postaccident investigation, including those associated with disciplinary proceedings." The court, however, struck demand number two in plaintiffs' first notice to produce, which generally sought Paolotto's employment records, finding the request for an entire personnel file to be predicated upon a theory of negligent hiring — a claim that is not asserted by and is unavailable to plaintiffs due to the City's admission that its employees were operating within the scope of their employment at the time of the accident.
During one of the depositions that followed, it was revealed that, following an investigation of the accident, Paolotto's employment with the City was terminated and he was sent a letter that provided the basis for his termination. Plaintiffs made repeated requests for that letter, but defendants declined to provide it, believing it to be protected from disclosure by Supreme Court's March 2020 order. Plaintiffs in turn filed a motion to compel its production. Defendants opposed, and Supreme Court, in a short form order entered July 2021, ordered the City to produce the termination letter. Defendants appeal.[FN1] We affirm.
CPLR 3101 (a) requires "full disclosure of all matter material and necessary in the prosecution or defense [*2]of an action" (see Calcagno v Graziano, 200 AD3d 1248, 1250 [2021]; Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 813 [2021]). "The words, 'material and necessary,' are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity," and the test must be "one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see Forman v Henkin, 30 NY3d 656, 661 [2018]).
Initially, although Supreme Court purported to vacate demand number two in plaintiffs' first notice to produce, which did generally seek employment records for Paolotto, earlier in its March 2020 order, the court correctly concluded that "records of any kind generated by a postaccident investigation, including those associated with disciplinary proceedings," were clearly material. In our view, by striking the subject demand, the court was merely agreeing with defendants that disclosure of Paolotto's entire personnel file should be precluded, as that category of evidence was irrelevant to this ordinary negligence action. Plaintiffs' request for materials concerning disciplinary action taken by the City following its investigation of the subject accident was notably one item amidst the multi-part demand for Paolotto's employment records, and, in light of the court's express findings regarding same, it is clear that the court did not intend to preclude materials like the termination letter. This was in line with the principle that written reports arising from postaccident investigations that were prepared in the regular course of business are generally discoverable (see CPLR 3101 [g]; Hewitt v Palmer Veterinary Clinic, PC, 145 AD3d 1415, 1415 [2016]; Friend v SDTC-Center for Discovery, Inc., 13 AD3d 827, 829 [2004]; Merrick v Niagara Mohawk Power Corp., 144 AD2d 878, 878-879 [1988]; Pataki v Kiseda, 80 AD2d 100, 103-105 [1981], lvs dismissed 54 NY2d 606, 831 [1981]). Thus, pursuant to the March 2020 order, which defendants did not challenge or appeal from, defendants were required to disclose the termination letter, and Supreme Court's short form order merely conforms its directive to its decisional language (see Benjamin v Yeroushalmi, 178 AD3d 654, 656 [2019]; Matter of Spring v County of Monroe, 141 AD3d 1151, 1152-1153 [2016]; Moldofsky v Moldofsky, 43 AD3d 1011, 1012 [2007]; Matter of Rokitka v Bauer, 219 AD2d 834, 835 [1995]).
Even if Supreme Court had initially intended to preclude the disclosure of postaccident materials like the letter of termination, the letter was plainly material and necessary after depositions were had. As noted, it was revealed during depositions that, following an investigation, Paolotto's employment with the City was terminated as a result of the subject incident and that the City sent him a letter that provided the basis for his termination. The witnesses who were [*3]deposed offered competing insights into that basis. One believed that Paolotto must have been terminated for "gross negligence" as none of the other grounds for immediate termination in the applicable standards of conduct were relevant to the subject accident. Another believed that Paolotto was terminated in accordance with those standards for causing an "accident[] resulting in damage in excess of $20,000." At his deposition, Paolotto was instructed by his counsel not to answer questions concerning the termination letter.
Thus, there is reason to believe that the termination letter may contain both information concerning the outcome of the City's investigation and the basis for Paolotto's termination, and "[a]ny evidence which sheds light on how the accident occurred is patently relevant to a determination of whether there was any negligence in this accident" (Scott v Metropolitan Transp. Auth., 10 Misc 3d 1058[A], 2005 NY Slip Op 52009[U], *6 [Sup Ct, Nassau County 2005]; see e.g. Hunlock v New York City Tr. Auth., 194 AD3d 522, 523 [2021]; Almalahi v NFT Metro Sys., Inc., 175 AD3d 1043, 1045 [2019]; Schecter v 210 E. 90th St. Owners, 271 AD2d 224, 225 [2000]; Meder v Miller, 173 AD2d 392, 393 [1991]). Although defendants are correct that personnel files are generally not discoverable in negligence actions where, as here, there is no claim of negligent hiring, retention or supervision, this rule does not unilaterally preclude the disclosure of any materials that may find their way into a personnel file (see Berk v MTA Long Is. Bus, 33 Misc 3d 1213[A], 2011 NY Slip Op 51918[U], *3 [Sup Ct, Nassau County 2011]). Rather, the general rule is rooted in the irrelevancy of an employer's knowledge with respect to its employee's prior carelessness or misconduct and the general prohibition against the admission of propensity evidence (see Halloran v Virginia Chems., 41 NY2d 386, 390-391 [1977]; Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d at 813-814; Parkinson v Fedex Corp., 184 AD3d 433, 434 [2020]; Cheng Feng Fong v New York City Tr. Auth., 83 AD3d 642, 643 [2011]; Jordan v Blue Circle Atl., 296 AD2d 752, 753 [2002]).
We also reject defendants' argument related to the admissibility of the termination letter as this action is still at the discovery stage (see Rinker v 55 Motor Ave. Co., LLC, 173 AD3d 1388, 1389 [2019]; Matter of Steam Pipe Explosion at 41st St. & Lexington Ave., 127 AD3d 554, 555 [2015], affd 27 NY3d 985 [2016]). Supreme Court is vested with broad discretion in controlling discovery (see Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d at 813), and we discern no abuse of that discretion here.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: To the extent that defendants challenge other discovery rulings in Supreme Court's March 2020 order, we do not address them as no appeal was taken therefrom (see Salovin v Orange Regional Med. Ctr., 174 AD3d 1191, 1194 [2019]; Sprole v Sprole, 151 AD3d 1413, 1415 [2017]).