■ CHELISE NAVARRO, Respondent, v CITY OF NEW YORK, Defendant, and DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, Appellant. [929 NYS2d 236]—

During an elective high school softball class, plaintiff, then 16 years old, hit ground balls to a fielder as a warmup exercise. A student named Johanny approached plaintiff and asked if she could hit a few balls. Plaintiff handed the bat to Johanny and told her, consistent with the teacher's instructions for practice drills, that she should not take full swings. Upon being handed the bat, however, Johanny immediately threw the ball in the air and took a full swing before plaintiff had time to get out of the way. As a result, the bat hit plaintiff on the cheek, causing injury.

Plaintiff subsequently commenced this personal injury action, which, after a jury trial, resulted in a verdict in her favor against defendant Department of Education. Defendant appeals from the denial of its motion for judgment notwithstanding the verdict or a new trial. We reverse and grant the motion for judgment notwithstanding the verdict.

Because the record establishes that plaintiff assumed the risk that resulted in her injury, defendant is entitled to judgment as a matter of law (see CPLR 4404 [a]). A participant in an athletic

activity is deemed to have assumed "those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). In this regard, it is well established that " 'the danger associated with people swinging bats . . . while warming up for the game' is inherent in the game of baseball" (*Roberts v Boys & Girls Republic, Inc.*, 51 AD3d 246, 248 [2008], *affd* 10 NY3d 889 [2008], quoting *Napoli v Mount Alvernia, Inc.*, 239 AD2d 325, 326 [1997]; *see also Marlowe v Rush-Henrietta Cent. School Dist.*, 167 AD2d 820 [1990], *affd* 78 NY2d 1096 [1991] [baseball player assumed risk of bat being thrown]). This principle has equal application to softball. Given that the risk of being hit by a practice swing of a bat has been held to be assumed even by a spectator "claim[ing] lacunae in her knowledge and experience of the game" (*Roberts*, 51 AD2d at 248) and by a child (*Napoli*, 239 AD2d at 326), that risk was necessarily assumed by plaintiff, an experienced softball player who admittedly knew the risks inherent in the sport (*see Kennedy v Rockville Ctr. Union Free School Dist.*, 186 AD2d 110, 111 [1992]). The record is devoid of evidence that plaintiff's injury resulted from any "unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]) from which she should have been protected by her teacher. Inasmuch as plaintiff assumed the risk that resulted in her injury, "[r]ecovery may not . . . be had on a theory of negligent supervision" (*Roberts*, 51 AD3d at 251).

We note that the verdict cannot be sustained on a theory of negligent supervision for an additional and independent reason. Plaintiff testified that only three to five seconds elapsed between her giving the bat to Johanny and the bat's striking her face. " 'Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the [defendant school district] is warranted' " (*Esponda v City of New York*, 62 AD3d 458, 460 [2009], quoting *Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]). Schools "are not 'insurers of safety' and cannot be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*Lizardo v Board of Educ. of the City of N.Y.*, 77 AD3d 437, 438 [2010], quoting *Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.