In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered February 3, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
*758 Ordered that the order is affirmed, with costs.
The infant plaintiff, who was then an eighth-grade student at Longwood Middle School, was struck in the mouth by a softball thrown by a fellow student while she was participating in pregame warmups with the school softball team. Just seconds before she was struck, the plaintiff had shut her eyes and raised her arm as she sneezed.
Under the doctrine of primary assumption of risk, a person who voluntarily participates in a sporting activity generally consents, by his or her participation, to those injury-causing events, conditions, and risks which are inherent in the activity (see Morgan v State of New York, 90 NY2d 471, 484 [1997]; Turcotte v Fell, 68 NY2d 432, 439 [1986]). Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation (see Morgan v State of New York, 90 NY2d at 484; Turcotte v Fell, 68 NY2d at 439). Since the determination of the existence and scope of a duty of care requires “an examination of plaintiffs reasonable expectations of the care owed him [or her] by others” (Turcotte v Fell, 68 NY2d at 437), the plaintiffs consent does not merely furnish the defendant with a defense, it eliminates the duty of care that would otherwise exist. Accordingly, when a plaintiff assumes the risk of participating in a sporting event, “the defendant is relieved of legal duty to the plaintiff; and being under no duty, he [or she] cannot be charged with negligence” (id. at 438). It is not necessary to the application of the doctrine that the injured plaintiff should have foreseen the exact manner in which the injury occurred “so long as he or she is aware of the potential for injury of the mechanism from which the injury results” (Maddox v City of New York, 66 NY2d 270, 278 [1985]; Joseph v New York Racing Assn., 28 AD3d 105, 108 [2006]).
Here, the defendant established, prima facie, that the infant plaintiff voluntarily engaged in the activity of softball and that, as an experienced player, she knew the risks inherent in the activity, including being hit by a ball (see O’Connor v HewlettWoodmere Union Free Sch. Dist., 103 AD3d 862 [2013]; Navarro v City of New York, 87 AD3d 877 [2011]; Godwin v Russi, 62 AD3d 945 [2009]; Napoli v Mount Alvernia, Inc., 239 AD2d 325 [1997]). The defendant also established, prima facie, that the after-school supervisor’s temporary absence from the athletic field or his alleged lack of training was not a proximate cause of the infant plaintiffs injury. The infant plaintiff was struck by her teammate’s ball so quickly that no amount of supervision could have averted the accident (see Keith S. v East Islip Union *759 Free School Dist., 96 AD3d 927, 928 [2012]; Troiani v White Plains City School Dist., 64 AD3d 701 [2009]; Scarito v St. Joseph Hill Academy, 62 AD3d 773 [2009]; Newman v Oceanside Union Free School Dist., 23 AD3d 631 [2005]). In opposition to the defendant’s showing, the plaintiffs failed to raise a triable issue of fact.
Accordingly the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.