Hui-Lin Wu v City of New York (2020 NY Slip Op 02721)





Hui-Lin Wu v City of New York


2020 NY Slip Op 02721


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11483 161402/14

[*1] Hui-Lin Wu, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Judgment, Supreme Court, New York County (Paul A. Goetz, J.), entered April 25, 2019, upon a jury verdict in favor of defendant, unanimously affirmed, without costs.
Plaintiff seeks damages for personal injuries she allegedly sustained during a protest in New York City's Chinatown. The trial court should not have dismissed her battery claim as duplicative of her wrongful arrest claim before submitting the case to the jury for a finding as to the lawfulness of her arrest (see Budgar v State of New York, 98 Misc 2d 588, 592 [Ct Cl 1979]). However, the error is academic, since the jury found that the arrest was lawful.
The jury's finding that plaintiff was arrested lawfully is supported by the evidence. Video footage of the incident shows the police repeatedly requesting, verbally and with body gestures, that plaintiff stay back from protesters in front of her business. For 30 minutes, the officers continually instructed plaintiff, her boyfriend, and her boyfriend's sister to stop trying to interfere with the protest, and yet the group refused to stop. In light of plaintiff's placing her hand on one of the officers in an attempt to reach her boyfriend, who was being arrested, it was objectively reasonable for the police to take custody of her (see Ostrander v State of New York, 289 AD2d 463, 464 [2d Dept 2001]).
The police also used a reasonable amount of force. Indeed, viewed in the light most favorable to plaintiff, including every reasonable inference in her favor, the evidence is insufficient as a matter of law to permit a finding of excessive force (see Pacheco v City of New York, 104 AD3d 548 [1st Dept 2013], citing Koeiman v City of New York, 36 AD3d 451 [1st Dept 2007], lv denied 8 NY3d 814 [2007]). The officer used an arm bar hold for less than 30 seconds before plaintiff ceased resisting. Thus, while the trial court should not have held the excessive force claim in abeyance of the jury's determination on the wrongful arrest claim, the error is academic.
The trial court properly denied plaintiff's motion to strike defendants' pleadings or preclude defendants from calling witnesses on the ground of their alleged failure to provide discovery, since, by filing a note of issue, plaintiff waived her entitlement to any further discovery (see 22 NYCRR 202.21; Escourse v City of New York, 27 AD3d 319 [1st Dept 2006]; Abbott v Memorial Sloan-Kettering Cancer Ctr., 295 AD2d 136 [1st Dept 2002]). The court properly rejected plaintiff's attempt to authenticate her medical records through the testimony of someone who merely became the records' physical custodian after the sale of the surgical center at which they were created (see Irizarry v Lindor, 110 AD3d 846 [2d Dept 2013]). The court correctly declined to admit the officers' disciplinary files, since plaintiff had never requested the requisite in camera review (see Civil Rights Law § 50-a[2], [3]; see also People v Gissendanner, 48 NY2d 543, 551 [1979]; Telesford v Patterson, 27 AD3d 328 [1st Dept 2006]). Nor could plaintiff show that the records were relevant, particularly since the City admitted that the officers were acting in the scope of their employment during the incident (see Cheng Feng Fong v New York City Tr. Auth., 83 AD3d 642 [2d Dept 2011]; Weinberg v Guttman Breast & Diagnostic Inst., 254 AD2d 213 [1st Dept 1998]). There is no indication in the record that plaintiff [*2]requested and was denied interested witness charges. The court properly determined that any explanation as to missing witnesses was better addressed by counsel in their summations than by a jury charge.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK