Torres v Loisaida, Inc. (2021 NY Slip Op 01875)





Torres v Loisaida, Inc.


2021 NY Slip Op 01875


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 305991/14 Appeal No. 13423 Case No. 2020-00054 

[*1]Fabian Torres, an Infant by his Mother and Natural Guardian, Amanda Guillot, and Amanda Guillot Individually, Plaintiffs-Appellants,
v
Loisaida, Inc. Defendant, Felix Millian Little League, Defendant-Respondent.


David J. Hernandez & Associates, Brooklyn (David J. Hernandez of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about October 11, 2019, which granted defendant Felix Millian Little League's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Summary judgment was properly granted in this action where the 13-year-old infant plaintiff was injured when, as he was fielding third base in a baseball game, a baserunner slid into the base and collided with his left shin. The infant plaintiff had played baseball for seven years, and voluntarily assumed the inherent risks of the game (see Woo v United Nations Intl. Sch., 137 AD3d 488, 489 [1st Dept 2016]; Navarro v City of New York, 87 AD3d 877, 877-878 [1st Dept 2011]). Since recovery is precluded by the fact that he assumed the risks inherent in playing baseball, plaintiffs may not recover under a theory of negligent supervision (see Roberts v Boys & Girls Republic, Inc., 51 AD3d 246, 251 [1st Dept 2008], affd 10 NY3d 889 [2008]).
We reject plaintiffs' argument that the baserunner's metal cleats created an enhanced or concealed risk that was not assumed. The little league rules that defendant was required to follow permitted the wearing of such cleats, and both the 13-year-old infant plaintiff and his father testified that they observed the baserunner wearing metal cleats. Plaintiffs have not shown that defendant failed to provide safety equipment that would have prevented the inherent risks (see Bukowski v Clarkson Univ., 19 NY3d 353, 356-357 [2012]).
Plaintiffs' unpreserved argument that summary judgment should have been denied because defendant disposed of its players' roster at the time of the accident and plaintiffs were therefore unable to identify the baserunner and determine whether he was older than the other players in the game, in violation of defendant's rules, is unavailing. By filing their note of issue, plaintiffs waived their entitlement to further
discovery (see Hui-Lin Wu v City of New York, 183 AD3d 411, 412 [1st Dept 2020]). In any event, their contention that the baserunner was older than the other players is based on speculation. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021