Lane v City of New York (2022 NY Slip Op 06433)

Lane v City of New York

2022 NY Slip Op 06433

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Manzanet-Daniels, J.P., Webber, Mazzarelli, Friedman, Shulman, JJ. 

Index No. 153022/15 Appeal No. 16665 Case No. 2021-02371 

[*1]Denise Lane, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Michael H. Zhu, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about May 5, 2021, which to the extent appealed from as limited by the briefs, denied plaintiff's CPLR 3126 motion to strike defendants' answer and to compel them to produce certain discovery, unanimously modified, on the law, to compel defendants to comply with plaintiff's discovery demands insofar as they seek nonmedical records of inmate William Jones, as maintained by defendant New York City Department of Correction (DOC), and otherwise affirmed, without costs.
Contrary to defendants' contention, plaintiff's motion sufficiently complied with the good-faith provisions of 22 NYCRR 202.7 as it made clear that issues presented therein would not be resolved between the parties (see Northern Leasing Sys., Inc. v Estate of Turner, 82 AD3d 490, 490 [1st Dept 2011]). Supreme Court providently exercised its discretion in denying plaintiff's request to strike defendants' answer (see generally Gross v Edmer Sanitary Supply Co., 201 AD2d 390, 391 [1st Dept 1994]; Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Willful and contumacious conduct can be inferred from defendants' repeated failure to timely comply with multiple directives that they "respond to" or "comply with" plaintiff's notices for discovery and inspection, and defendants did not articulate any persuasive reason for failing to obey those directives in the first instance. However, defendants largely became current on their disclosure obligations prior to, or in response to plaintiff's motion, which was the first CPLR 3126 motion made in the action, and review of the record reveals that defendants' failures were not egregious and thus, did not warrant the "drastic remedy" of striking the answer (see Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]; see Forbes v New York City Tr. Auth., 88 AD3d 546, 546 [1st Dept 2011]; Reidel v Ryder TRS, Inc., 13 AD3d 170, 171 [1st Dept 2004]). Although a lesser sanction might have been warranted, plaintiff did not request alternative relief, and thus Supreme Court did not improvidently exercise its discretion by failing to grant such relief. We decline to exercise our own discretion in that regard.
Supreme Court should have compelled defendants to comply with plaintiff's discovery demands to the extent they sought nonmedical records relating to Jones and those records were maintained by DOC. Such records, which include documents relating to Jones' violence classification level and his prior conduct at Manhattan Detention Complex or in other DOC facilities, are material to plaintiff's action, which is premised on Jones' alleged assault of her while under DOC supervision (see CPLR 3101[a]). Defendants apparently do not dispute the relevance of Jones' nonmedical records and have not shown that any privilege applies to those records (cf. CPL 160.50).
However, Supreme Court providently exercised its discretion when [*2]it declined to compel defendants to comply with plaintiff's discovery demands to the extent they sought Jones' medical records. Plaintiff failed to obtain a waiver of the patient-physician privilege from Jones (see Muniz v Preferred Assoc., 189 AD2d 738, 739 [1st Dept 1993]; accord Monica W. v Milevoi, 252 AD2d 260, 262-263 [1st Dept 1999]; Mullen v Wishner, 172 AD3d 1386, 1388-1389 [2d Dept 2019]) and does not claim to have undertaken any efforts to locate Jones and notify him of her disclosure request (see 45 CFR § 164.512[e][1][iii]). Supreme Court also providently exercised its discretion when it declined to compel defendants to comply with plaintiff's discovery demands to the extent they sought DOC personnel records. Plaintiff failed to establish that those records were relevant to her action. Defendants conceded that the correction officers were acting within the scope of their employment at the time of the incident and there has been no showing that the records sought may contain information about the incident (see Cheng Feng Fong v New York City Tr. Auth., 83 AD3d 642, 643 [2d Dept 2011]; see also Hui-Lin Wu v City of New York, 183 AD3d 411, 412-413 [1st Dept 2020]; cf. Flores v City of New York, 207 AD2d 302, 304 [1st Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022